# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-604-FDW-DSC

| | |
|---|---|
| PETER S. ECONOMOS, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| HUNTERSVILLE SEAFOOD, INC. d/b/a CAPTAIN'S GALLEY, et al., | ) |
| Defendants. | ) |

THIS MATTER is before the Court on Plaintiff's Motion to Remand to State Court. (Doc. No. 4). Plaintiff specifically argues the Court lacks subject matter jurisdiction because the parties are non-diverse and no federal question exists which would invoke the Court's jurisdiction. Alternatively, Plaintiff argues Defendants' Notice of Removal (Doc. No. 1) is procedurally defective because it was filed more than thirty days after Defendants were served. Defendants consent to Plaintiff's Motion.[1] (Doc. No. 5). After reviewing Plaintiff's Motion and the applicable law, Plaintiff's Motion is GRANTED.

Pursuant to 28 U.S.C. § 1446(b), a party may remove a case to federal court within thirty (30) days of receiving a copy of the initial pleading or of service of process, whichever is shorter.

---

[1] One of the named Defendants, Javier Garcia, has not answered, responded, or otherwise made an appearance in this matter, despite apparently being served on October 8, 2010. (Doc. No. 4-1). Because more than thirty days has passed since Defendant Garcia was served with process, it is immaterial whether he would have joined in Defendants' Notice of Removal as his period to remove under 28 U.S.C. § 1446(b) has expired. Barbour v. Int'l Union, 594 F.3d 315, 326 (4th Cir. 2010). Defendant Garcia's failure to respond may be viewed as a violation of the rule of unanimity. Ogletree v. Barnes, 851 F. Supp. 184, 189-90 (E.D. Pa. 1994). Thus, while the Court may not raise a procedural defect in the removal process, such as a violation of the unanimity requirement, *sua sponte*, see, e.g., Loftis v. United Parcel Serv.,Inc., 342 F.3d 509, 516-17 (6th Cir. 2003), the Court notes Defendant Garcia's failure to respond, if raised by Plaintiff, would have provided additional grounds for remand. Id.

Defendants noticed their removal on November 23, 2010, citing federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343 as their basis for removal. Defendants, however, were served between October 8, 2010 and October 12, 2010, more than thirty days prior to filing the Notice of Removal in this Court. (Doc. No. 4-1, 4-2, 4-3, 4-4, 4-5). Accordingly, Defendants' removal was procedurally deficient, and remand is proper. See 28 U.S.C. § 1447(c) (permitting remand for non-jurisdictional defects in removal when a motion to remand is filed within thirty (30) days of the notice of removal); 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 3739 (4th ed. 2009).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand to State Court (Doc. No. 5) is GRANTED.

IT IS SO ORDERED.

Signed: January 12, 2011

Frank D. Whitney
United States District Judge